UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOSEPH MATTHEW BYRDWELL**      **PLAINTIFF**

vs.     **CIVIL ACTION NO. 3:20-CV-342-CRS**

**DOREEN SHOWALTER GOODWIN,**     **DEFENDANT**
**in her individual capacity**

### MEMORANDUM OPINION

This matter is before the Court on a motion for dismissal filed by Defendant. DN 8. Plaintiff filed a response. DN 9. Defendant filed a reply. DN 11. This matter is now ripe for judicial review. For the reasons stated below, Defendant's motion will be granted.

### I. BACKGROUND

*Pro se* Plaintiff Joseph Matthew Byrdwell ("Joseph" or "Plaintiff") brought this action against Doreen Showalter Goodwin ("Judge Goodwin" or "Defendant"), a judge of the Family Courts of Henry, Oldham and Trimble counties in the 12th Judicial Circuit in Kentucky for acts and omissions she took while presiding over proceedings to which Byrdwell was a party. DN 8 at 1. Joseph's complaint stems from (1) Judge Goodwin's issuance of Domestic Violence Orders ("DVOs") against Joseph and (2) Judge Goodwin's failure to rule on "*Pendente Lite* matters pertaining to child custody, parenting time, and direction of children's education." DN 1 at 4. Based upon these allegations, Plaintiff brings the instant action against Judge Goodwin under 42 U.S.C. § 1983 alleging she violated the Family Educational Right and Privacy Act (FERPA)[1] as well as Plaintiff's Second, Fifth, and Fourteenth Amendment rights.

---

[1] Because FERPA does not create a private right of action, the Court will dismiss Plaintiff's claims to the extent that they are based upon these grounds. *See Gonzaga University v. Doe*, 536 U.S. 273, 288 (2002).

### A. Domestic Violence Orders

On May 24, 2016, Chantele Byrdwell ("Chantele") filed a petition for an emergency protective order (EPO) against Joseph in the Henry Circuit Court, Family Division on behalf of herself and the Byrdwells' two minor children. DN 8-1 at 2. The court granted the EPO. *Id*. After a hearing on May 27, 2016, wherein both Joseph and Chantele testified, the court entered a Domestic Violence Order ("DVO"), which precluded Joseph from contacting Chantele or their children (hereinafter "the 2016 DVO") for an entire year. *Id*. The court also granted Chantele temporary custody of the children. *Id*. The trial court reissued the DVO On May 2, 2017 ("the 2017 DVO") and again on May 15, 2018 ("the 2018 DVO"). *Id*. Judge Goodwin issued the order granting the 2018 DVO. *Id*.

Joseph was not notified of Chantele's petition for the 2018 DVO and was, therefore, unable to respond to her petition until after the DVO had already been entered. *Id*. On May 25, 2018, Joseph moved to vacate the 2018 DVO because he did not receive proper notice prior to entry of the order. *Id*. On June 18, 2018, the trial Court denied Joseph's motion to vacate. *Id*. at 4.

Joseph appealed the court's reissuance of the 2018 DVO. *Id*. On July 5, 2019, the appellate court found that Joseph's due process rights had been violated because he was not afforded the opportunity to respond to Chantele's petition. *Id*. at 8. Accordingly, the appellate court vacated the 2018 DVO and any DVOs entered thereafter.[2] *Id*.

### B. *Pendente Lite* Motions

Joseph also alleges Judge Goodwin's failure and/or refusal to rule upon what Plaintiff styles as his "*pendente lite*" motions violated his civil rights. DN 9 at 1. Plaintiff's complaint

---

[2] Joseph indicates that a DVO was reissued on May 21, 2019. Although there is no such record before the Court, we recognize that the language of the appellate court's order would vacate such an order if one was entered. For the purposes of this motion to dismiss, the Court accepts as true Joseph's factual allegation that Judge Goodwin ordered the 2019 DVO.

alleges these *pendente lite* motions were: (1) a "May 8, 2018 motion regarding temporary parenting time, which has resulted in deprivation of Plaintiff's protected liberty interests in the care, custody, and companionship of his children for over two (2) years running" and (2) an April 16, 2018 motion wherein Joseph moved the court to "hold Chantele in contempt of court and to compel production of the children's school records." DN 1 at 4; 13–14.

## II. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## III. ANALYSIS

Joseph claims that Judge Goodwin, in her individual capacity, violated his civil rights when she issued DVOs against him in 2018 and 2019, DN 1 at 4, and when she failed to rule on his *pendente lite* matters in the time that he expected. DN 1 at 11. Joseph's claims are without merit.

It is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 247 (1871)). This doctrine of absolute judicial immunity protects judicial officers from civil liability arising out of acts committed within the judge's jurisdictional authority. *Id*. at 335–36. The cloak of immunity is broad and protects judges "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id*. at 356.

To determine whether a judge is entitled to absolute judicial immunity, the Court must apply a two-part test. First, the Court must determine whether the act complained of is "judicial" or, in other words, "whether it is a function normally performed by a judge[.]" *Stump*, 435 U.S. at 362. Second, the Court must determine "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*. Applying these factors, the Court finds that Judge Goodwin's acts (granting the DVOs) and omissions (not ruling on Plaintiff's *pendente lite* motions in the time that Plaintiff desired) were both "judicial" functions performed by Judge Goodwin in her official, judicial capacity. Because Plaintiff's allegations concern the defendant as a judge of the Kentucky Court of Justice, absolute immunity attaches *ipso facto* to all of Plaintiff's claims.

In an attempt to overcome the deficiency of his claims, Plaintiff alleges that judicial immunity does not extend to Judge Goodwin for two reasons. First, he argues that Judge Goodwin is vulnerable to his suit based on her entry of the 2018 and 2019 DVOs because the court lacked jurisdiction at the time of entry. Second, he argues that Judge Goodwin is vulnerable to his suit based on her failure to rule on his *pendente lite* motions because, while judicial acts are immune from suit, judicial omissions are not. Plaintiff's arguments are without merit.

**A. Jurisdiction**

Plaintiff "respectfully suggests" the Court deny Judge Goodwin judicial immunity because she "acted without subject matter jurisdiction" when she entered the 2018 and 2019 DVOs. DN 9 at 3. Plaintiff cites *Young v. Richardson*, 267 S. W.3d 690, 695 to argue that the notices of appeal he filed on April 19, 2018 and June 25, 2018 divested the Henry Family Court (and, thus, Judge Goodwin) of subject matter jurisdiction. *Id.* at 4. Plaintiff's jurisdictional argument is without merit because it is based upon a fundamental misunderstanding of Kentucky jurisdictional jurisprudence.

In Kentucky, a litigant's filing of a notice of appeal ordinarily divests the trial court of particular case jurisdiction—not subject matter jurisdiction. Indeed, in *Young v. Richardson*, the court stated:

> [W]e cannot fully agree with the appellant's characterization that the trial court lacked subject matter jurisdiction. None of the Kentucky cases discussing the divesting of jurisdiction of a trial court due to the filing of a notice of appeal refer to a divesting of subject matter jurisdiction. In some ways the character of the jurisdiction divested more closely resembles particular case jurisdiction.

267 S.W.3d 690, 694 n.2 (Ky. App. 2008)

Therefore, even if Plaintiff's notices of appeal divested the Henry Family Court of particular case jurisdiction (as to the 2018 and 2019 DVOs), they did not strip the court of subject matter jurisdiction, which would have been necessary to make Judge Goodwin vulnerable to Plaintiff's suit. *See Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (finding that "a judge acts in the clear absence of all jurisdiction only when the matter upon which [s]he acts is clearly outside of the *subject matter* of the court over which [s]he presides." (internal quotation marks and citations omitted) (emphasis added)). Therefore, so long as the Court maintained subject matter jurisdiction over the dispute and personal jurisdiction over the parties, Judge Goodwin is entitled to immunity from suit. Based on a review of Kentucky law, we find that the Henry Family Court had such jurisdiction.

Kentucky Revised Statute 23A.100 establishes the jurisdiction of the Kentucky family court divisions of the Kentucky Circuit Courts. Specifically, KRS 23A.100(2)(a) grants jurisdiction to the family courts over "[d]omestic violence and abuse proceeding under KRS Chapter 403." Plaintiff's claims arise out of Judge Goodwin's entry of the 2018 and 2019 DVOs. DN 1 at 9–10. As its name implies, Domestic Violence Orders involve "domestic violence and abuse," and Judge Goodwin acted in her capacity as a Family Court Judge when she entered the orders against Joseph. *See* KRS 23A.100(2)(a); KRS 403.740. Accordingly, Judge Goodwin is shielded[3] from civil liability on Plaintiff's DVO claims, even if she acted "in bad faith and with the intent of unlawfully coercing Plaintiff to settle…against his will." DN 1 at 11; s*ee Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.").

### B. *Pendente Lite* Motions

Joseph also claims that Judge Goodwin violated his civil rights by not ruling on his "*Pendente Lite* matters pertaining to child custody, parenting time, and direction of minor children's education." DN 1 at 11. While judicial acts are accorded absolute immunity, Plaintiff claims Judge Goodwin is vulnerable to suit because "Defendant's failure and/or refusal to perform the very functions for which she was elected cannot be reasonably held to fall within the realm of that which is 'normally performed by a judge.'" DN 9 at 2 (quoting *Stump*, 435 U.S. at 349). Plaintiff's argument is without merit.

While it is a "judge's duty to decide all cases within his jurisdiction that are brought before him," Courts have significant discretion as to when they will act on individual motions from

---

[3] Plaintiff essentially concedes Judge Goodwin's immunity and abandons his DVO claims in his response: "this action is *not* about Defendant's exercise of discretion nor her erroneous rulings. This action is about Defendant's failure and/or refusal to rule upon Plaintiff's pendent lite motions and the resultant injuries to Plaintiff and his daughters." DN 9 at 1.

parties, and a judge is not vulnerable to suit simply because a party is dissatisfied with the amount of time that the court may take to rule on a party's motions. *Stump*, 435 U.S. at 368. Indeed, other federal courts have held that a judge's failure to rule on motions is a judicial act protected by absolute judicial immunity. *See, e.g., Van Sickle v. Holloway*, 791 F.2d 1431 (10th Cir. 1986); *Frost v. Boyle*, 2008 WL 650323 *7 (N.D. Ohio Mar. 5, 2008). That is "because the nature and function of ruling on motions is a 'paradigmatic judicial act' involving the resolutions of disputes between parties, and Plaintiff expected to deal with Judge [Goodwin] in her official capacity." *Frost*, 2008 WL 650323 at *7. Plaintiff provides no case law from this jurisdiction or anywhere else to support his novel claim that judges may be held civilly liable for failing to rule on motions in a particular timeframe. This Court declines to create such a cause of action.

## V. CONCLUSION

For the reasons discussed herein, Motion by Defendant, DN 8, will be granted by separate order.

July 31, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**