UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOSEPH MATTHEW BYRDWELL**                                                                 **PLAINTIFF**

vs.                                                                                          NO. 3:20-CV-342-CRS

**DOREEN SHOWALTER GOODWIN**                                                            **DEFENDANT**
**In her individual capacity**

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's motion, DN 14-1, to alter or amend the Court's August 3, 2020 Order, which granted Defendant's motion to dismiss. DN 13. Defendant filed a response. DN 15. Plaintiff filed a reply. DN 16. The matter is now ripe for adjudication. For the reasons stated below, Plaintiff's motion will be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

*Pro se* Plaintiff Joseph Matthew Byrdwell ("Byrdwell" or "Plaintiff") brought this action against Doreen Showalter Goodwin ("Judge Goodwin" or "Defendant"), a judge of the Family Courts of Henry, Oldham, and Trimble counties in the 12th Judicial Circuit in Kentucky for acts and omissions she allegedly took while presiding over proceedings to which Byrdwell was a party. DN 8 at 1. Byrdwell's complaint centered on (1) Judge Goodwin's issuance of Domestic Violence Orders ("DVOs") against him and (2) Judge Goodwin's alleged failure to rule on "*Pendente Lite* matters pertaining to child custody, parenting time, and direction of children's education." DN 1 at 4. Based upon these allegations, Plaintiff brought this action against Judge Goodwin under 42 U.S.C. § 1983, claiming she violated the Family Educational Right and Privacy Act (FERPA) as well as Plaintiff's Second, Fifth, and Fourteenth Amendment rights.

1

Defendant moved to dismiss Plaintiff's action for failure to state a claim upon which relief could be granted. DN 8. The Court granted Defendant's motion on the basis that Judge Goodwin was entitled to absolute judicial immunity because the Henry Family Court had subject matter jurisdiction over the proceedings at issue and the alleged actions of Judge Goodwin were judicial acts taken in her capacity as Family Court Judge. DN 12. In the motion now before the Court, Plaintiff requests that the Court amend its previous order and deny Defendant's motion to dismiss.

## II. LEGAL STANDARD

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

## III. DISCUSSION

As the basis for his motion to amend or alter the Court's previous order dismissing his claims with prejudice, Plaintiff alleges a clear error of law. DN 16 at 2. While Plaintiff does not contest this Court's ruling with respect to Judge Goodwin's issuance of DVOs, he contends that the Court did not address the correct legal question in dismissing his claims regarding Defendant's alleged failure to rule on what Plaintiff styles as his "*pendente lite*" motions and that Defendant is not entitled to judicial immunity. DN 14-1 at 1. The Court noted in its Memorandum Opinion that "a judge is not vulnerable to suit simply because a party is dissatisfied with the amount of time that the court may take to rule on a party's motions." DN 12 at 7. Upon that basis, the Court denied Plaintiff's "novel claim that judges may be held civilly liable for failing to rule on motions in a particular timeframe." *Id.* Plaintiff now argues that "[t]he legal question to be answered is not whether a judge may be held civilly liable for failing to rule upon motions within a particular timeframe but, rather, whether a judge may be held civilly liable for *never* ruling upon motions

2

properly brought before her." DN 14-1 at 1 (emphasis in original). This is a mischaracterization of the Court's analysis, which accurately addressed Defendant's actions as set out by Plaintiff in his complaint. Despite Plaintiffs framing of the legal issue, the result is the same.

As this Court explained previously, judges are entitled to immunity for their judicial acts. DN 12 at 4; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). When determining whether an act is judicial, courts must look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Applying these factors, the Court found that the Defendant's purported failure to rule on Plaintiff's *pendente lite* motions is a judicial act, as it involves Judge Goodwin's duty to resolve disputes between parties and Plaintiff dealt with Judge Goodwin in her official capacity. DN 12 at 7. The result would be the same whether Defendant erroneously ruled or never ruled on the motions, as either scenario relates to her official, judicial capacity. In the context of the judicial immunity analysis, omissions are nonetheless judicial acts if what the judge fails to do is considered a judicial act. *See Saum v. Savage*, No. 2:13-CV-00872, 2014 U.S. Dist. LEXIS 91636, at *7 (S.D. Ohio July 7, 2014) ("An omission can still be a judicial act."); *Moore v. Tennessee*, No. 3:03-CV-559, 2005 U.S. Dist. LEXIS 37218, at *10 (E.D. Tenn. July 18, 2005) ("For the purposes of this discussion, the court considers the failure to issue an arrest warrant equivalent to the issuance of an arrest warrant. The issuance of an arrest warrant is a 'truly judicial act.'"); *Petersen v. Garett*, No. 04-60196, 2007 U.S. Dist. LEXIS 8369, at *8 (E.D. Mich. Feb. 6, 2007) (holding that a court clerk's failure to file Plaintiff inmate's request for alternate service was a judicial act justifying quasi-judicial immunity). Specifically, as this Court previously noted, other federal courts have held that failure to rule on a party's motion is a judicial

act.[1] *Frost v. Boyle*, No. 1:06-CV-2649, 2008 U.S. Dist. LEXIS 21322, at *19 (N.D. Ohio March 4, 2008); *Van Sickle v. Holloway*, 791 F.2d 1431 (10th Cir. 1986). Therefore, Plaintiff's claim that Judge Goodwin failed to rule on his motions involves a judicial act for which Defendant would be entitled to judicial immunity.

Plaintiff also suggests that the Court applied an incorrect legal standard for when judicial immunity should apply. DN 14-1 at 2. Byrdwell points to a quote from *Forrester v. White*, which states, "Officials who seek exemption from personal liability have the burden of showing that such an exemption is justified by overriding considerations of public policy." 484 U.S. 219, 224 (1988). Plaintiff argues that Judge Goodwin's alleged omission cannot be so justified, and, furthermore, that "[t]he Court must evaluate the effect that exposure to personal liability for such failures would have upon Judge Goodwin's exercise of her duties," as allowing for liability would compel state judges to perform their duties. DN 14-1 at 2-3. In doing so, Plaintiff misreads the role of public policy in *Forrester*.

In that case, the Supreme Court drew attention to "the intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester*, 484 U.S. at 227. In its discussion, the Court reiterated the principle that judicial immunity only applies to decisions made in a judge's adjudicative capacity. *Id.* When a disgruntled party brings a civil suit against a judge for decisions made in her adjudicative capacity, judicial immunity is justified by public policy considerations, namely,

---

[1] Plaintiff objects to the fact that, in its Memorandum Opinion, the Court cited to a Tenth Circuit case and an unpublished district court case in support of its proposition that other federal courts have held that failure to rule on a party's motion is a judicial act. DN 14-1 at 3. However, published opinions from sister circuits are permissible as persuasive authority, *see Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 552 (6th Cir. 2007), as are unpublished opinions from this Circuit. *Hood v. Keller*, 229 F. App'x 393, 398 n.5 (6th Cir. 2007) ("Unpublished decisions of this court do not constitute binding precedent. However, they may constitute persuasive authority 'especially where there are no published decisions which will serve as well.'" (quoting *In re Hess*, 209 B.R. 79, 82 n.3 (6th Cir. 1997))).

"the danger of [officials' being] deflect[ed from the effective performance of their duties]." *See id.* at 230 (alteration in original). However, no such public policy considerations warrant immunity for decisions made in other, non-adjudicative capacities. *See id.* The Court held that a judge's decision to demote and then discharge a probation officer was a personnel decision not within the scope of his judicial capacity. *Id.* at 229. Therefore, notwithstanding a potential claim to qualified immunity, the judge could be held civilly liable because judicial immunity is not justified for that type of decision. *See id.* at 230.

Here, the requirement that Judge Goodwin's claim to judicial immunity be justified by public policy considerations is satisfied since, as discussed above, her purported failure to rule on Byrdwell's motions was a judicial act. Thus, Plaintiff's assertion that the Court must "evaluate the effect that exposure to personal liability for such failures would have upon Judge Goodwin's exercise of her duties" is unnecessary. *See* DN 14-1 at 2. The Court's determination that Plaintiff's allegations, even if true, would entitle Defendant to judicial immunity already contains within it the evaluation that exposure to liability for Judge Goodwin's judicial acts risks negatively impacting the exercise of her judicial duties.

As the foregoing discussion provides, dismissal of Plaintiff's claims was proper. Since the Court's original legal analysis was without error, Plaintiff has not met the burden to succeed on his motion to alter or amend.

## IV. CONCLUSION

For the reasons discussed herein, Motion by Plaintiff, DN 14-1, will be denied by separate order.

September 25, 2020

Charles R. Simpson III, Senior Judge
United States District Court

5